IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,206






EX PARTE MARIO ALBERT ALVAREZ, Applicant




 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W01-48033-P IN THE 203RD JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.



O P I N I O N


 Appellant was convicted of aggravated robbery and punishment was assessed at
confinement for forty-five years. This conviction was affirmed. Alvarez v. State, No.
11-01-376-CR (Tex.App. - Eastland, delivered September 12, 2002, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that the conviction
had been affirmed or what he needed to do to file such a petition. An affidavit filed by
appellate counsel states that counsel cannot find her file for Applicant and has no record
any notice of the affirmance was sent to Applicant. The trial court has recommended that
Applicant be granted an opportunity to file an out-of-time petition for discretionary
review.

 Therefore, Applicant is entitled to relief. Ex parte Wilson, 965 S.W.2d 25
(Tex.Cr.App. 1997). The proper remedy in a case such as this is to return Applicant to
the point at which he can file a petition for discretionary review. He may then follow the
proper procedures in order that a meaningful petition for discretionary review may be
filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court issues. We hold that should Applicant desire to seek discretionary review,
he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.


DELIVERED: JUNE 22, 2005

DO NOT PUBLISH